OPINION OF THE COURT
Robert M. Berliner, J.
It is ordered that this application is disposed of as follows:
*1105 The parties were divorced by judgment of divorce signed by the court on May 29, 2014. This judgment incorporated and did not merge a stipulation of settlement dated April 22, 2014 (hereinafter the stipulation). The stipulation divided the marital portion of the parties’ respective pensions and other retirement assets. Plaintiff submitted a domestic relations order (DRO) regarding defendant’s New York City Fire Department Pension (F.D.NY Pension) in September of 2015. The court signed this DRO on October 8, 2015, which plaintiff’s counsel then provided to the New York City Fire Department Pension. Plaintiff received her first $1,762.88 monthly payment from the F.D.NY Pension on or about November 30, 2015. Defendant’s F.D.NY Pension was in pay status in May of 2014 and plaintiff seeks to recover $31,731.84 in her instant application. This sum constitutes her 50% share of the marital portion of payments made by the F.D.NY Pension Fund to defendant from May 2014 through October 2015.
Plaintiff avers that defendant wrongfully retained her 50% share of the marital portion of F.D.NY Pension payments for this 18 month period and requests that the court direct him to immediately remit this sum to her or authorize the entry of a separate DRO providing for payments at a rate of $1,762.88 per month. Plaintiff argues that her interest in defendant’s F.D.NY Pension vested upon the parties’ execution of the stipulation on April 22, 2014. Thus, the DRO submitted was merely the procedural mechanism employed to effectuate payment of one spouse’s interest in the other spouse’s pension pursuant to the stipulation and any delay or failure to submit the DRO has no bearing upon her rights to a portion of the F.D.NY Pension. Plaintiff cites the Second Department case of Kraus v Kraus (131 AD3d 94 [2d Dept 2015]) in support of her position and submits that she is entitled to payments between the date of the stipulation and the submission of the DRO.
Plaintiff also submits that defendant should be responsible for half of the $750 cost associated with the preparation of an additional DRO pursuant to the terms of their stipulation. Lastly, plaintiff seeks an award of counsel fees pursuant to Domestic Relations Law § 238 based upon defendant’s alleged unreasonable position regarding these “arrears” and the necessity to bring this application.
In opposition, defendant argues that the stipulation and DRO constitute the entirety of the parties’ agreement regarding his F.D.NY Pension and plaintiff’s application seeks relief beyond *1106 these two documents. Defendant accuses plaintiff of seeking a windfall payment or a DRO that was not contemplated in the stipulation and modification of the stipulation approximately two years after its execution. Defendant makes much of plaintiff’s delay in submitting a DRO to the F.D.NY Pension Fund and submits that he should not be “penalized” for her failure to do so in a timely manner.
Plaintiff relies heavily upon Kraus v Kraus, which provides, in pertinent part,
“When the distribution of pension benefits between former spouses is accomplished through a QDRO obtained pursuant to a stipulation, such QDRO can convey only those rights to which the parties stipulated as a basis for the judgment. If a QDRO is inconsistent with the provisions of a stipulation or judgment of divorce, courts possess the authority to amend the QDRO to accurately reflect the provisions of the stipulation pertaining to the pension benefits. Thus, a court cannot issue a QDRO encompassing rights not provided in the underlying stipulation, or one that is more expansive than the stipulation.” (131 AD3d 94, 100-101 [2d Dept 2015] [internal quotation marks and citations omitted].)
In Kraus, the wife submitted a proposed qualified domestic relations order (QDRO) 6½ years following the judgment of divorce and 4½ years after the husband’s retirement. The Court noted that “[d]uring the time between the defendant’s retirement and the plaintiff’s submission of the proposed QDRO, the defendant had been receiving his pension without any deduction for the plaintiff’s share under the Majauskas formula, as contemplated by the stipulation and final judgment of divorce.” (Id. at 97-98.) Given this, the Court awarded the wife “pension arrears” that had accumulated between the husband’s retirement date and the date the QDRO was signed. In doing so, the Court in Kraus looked to the plain language of the stipulation, which indicated that wife therein was entitled to a distributive share of the husband’s pension at the time of defendant’s retirement. Moreover, the Court rejected the husband’s contention that the wife was not entitled to the “arrears in pension benefits” that accumulated between the date the husband retired and the date the Supreme Court signed the QDRO. (Id. at 102.)
Similar to the parties in Kraus, article XII of the stipulation recognizes their respective interests in the other’s pension and *1107 retirement accounts and the applicability of the formula set forth in Majauskas v Majauskas (61 NY2d 481 [1984]) in making such calculations. The fact that the defendant herein was in pay status with his F.D.NY Pension at the time the parties executed the stipulation does not factually distinguish the instant matter from Kraus or render the precedent established therein inapplicable. Indeed, the fact that defendant was in pay status underscores his understanding that his F.D.NY Pension payment would be reduced as a result of the stipulation. This knowledge renders defendant’s allegation that plaintiff seeks a windfall payment untenable and unpersuasive, as he continued to receive his F.D.NY Pension without any reduction. To the contrary, it supports the court’s finding that plaintiff’s interest in defendant’s pension vested upon the execution of the stipulation on April 22, 2014 and any delay in submitting a DRO to effectuate this recognition does not vitiate this interest. Based upon the foregoing, the court finds that plaintiff is entitled to $31,731.84, constituting her 50% share of the marital portion of pension payments made by the F.D.NY Pension Fund to defendant from May 2014 through October 2015.
Although Kraus v Kraus provides that a QDRO may be used to obtain “pension arrears,” the court finds that an immediate payment is more appropriate under the circumstances presented. The portion of plaintiff’s application seeking an award of counsel fees pursuant to Domestic Relations Law § 238 is denied, in the court’s discretion.
Based upon the foregoing, it is ordered that defendant remit the sum of $31,731.84 to plaintiff within 30 days of the date hereof.
The court declines to pass upon the remaining relief regarding an additional DRO in light of the foregoing determinations.